# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STEARNS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FLORES, et. al.,<br><br>　　　　　Defendants.　　　　／ | CV F  00-6331 AWI LJO P<br><br>ORDER REQUIRING FURTHER BRIEFING BY DEFENDANTS ON MOTION FOR SUMMARY JUDGMENT |

   Plaintiff Scott E. Stearns ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

   On September 27, 2004, Defendants filed a Motion for Summary Judgment and Memorandum of Points and Authorities. (Doc. 261.)  Plaintiff filed a Cross Motion for Summary Judgment on October 14, 2004. (Doc. 266.)  On October 19, 2004, Defendants filed

1  an *ex parte* Motion to file Exhibit V to the Motion for Summary Judgment under seal and
2  without disclosure to Plaintiff. (Doc. 269). Plaintiff opposed the Motion on November 8, 2004,
3  and argued that the information used to validate him was false. Thus, Plaintiff sought disclosure
4  to disprove the information contained therein. (Doc. 275.) Following a review of the
5  documents contained in Exhibit V, the Court found that the content justified sealing the
6  documents and issued an Order to that effect.

7  The Court has conducted a preliminary review of the Motion for Summary Judgment and
8  finds that the pertinent evidence used to validate Plaintiff as a gang member has been submitted
9  under seal and without disclosure to Plaintiff.

10  Plaintiff's Second Amended Complaint alleges that Defendants violated his right to Due
11  Process in relying on "uncredible" evidence to validate him as a gang member.[1] (Doc. 144.)
12  Defendants requested that Exhibit V to the Motion for Summary Judgment, which consists of the
13  evidence used to validate Plaintiff as a gang member, be filed under seal and without disclosure
14  to Plaintiff because to do so would threaten institutional security and various confidential
15  informant's lives. However, Defendants do not address the constitutional issues raised by
16  requesting that a trial Court rely on evidence in support of its Motion for Summary Judgment that
17  was not disclosed to the Plaintiff. Defendant's failure to disclose this evidence has removed
18  Plaintiff's right to know what evidence is being used against him in this proceeding and has
19  further precluded him from presenting substantive opposing evidence (such as issues involving
20  bias of a declarant, etc.). While the Court recognizes the sensitive nature of the documents
21  contained in Exhibit V, it can find no authority that permits it to rely on evidence submitted by a
22  moving party and not disclosed to the opposing party to resolve the moving party's motion. "The

---

[1] Plaintiff also alleges that Defendant Flores failed to protect him in violation of the Eighth Amendment On May 28, 2004, the Court Recommended that the Motion for Summary Judgment with respect to the Due Process claim *and* the Eighth Amendment failure to protect claim against Defendant Flores be DENIED. (Doc. 240.) The District Court adopted the Findings and Recommendations on September 10, 2004. (Doc. 260.) However, the Motion for Summary Judgment filed addresses only the Due Process claim and a footnote 1 indicates that Defendants are under the belief that the Eighth Amendment claim has been resolved in its entirety. (Doc. 261.) However, both the Recommendation issued on May 28, 2004, or the Order Adopting issued September 10, 2004, were clear that the Motion for Summary Judgment on the Eighth Amendment claim with respect to Defendant Flores was denied and only Defendant Saturnio was dismissed.

fundamental requisite of due process of law is the opportunity to be heard." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656 (1950).  This right has little worth if one is not fully informed of the matter pending such that he can meaningfully choose for himself whether to appear, default, acquiesce or contest.  Id.

Accordingly, within THIRTY (30) days of the date of service of this Order, Defendants shall:

1. DISCLOSE some or all of the evidence contained in Exhibit V to the Motion for Summary Judgment to the opposing party;[2]

2. PROVIDE the Court with FURTHER BRIEFING, including legal authority, that permits a trial court to resolve a dispositive motion by relying on evidence not disclosed to the opposing party; or

3. REQUEST that the Exhibit be WITHDRAWN from the Court's consideration on the dispositive motion.[3]

IT IS SO ORDERED.

**Dated:   May 13, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES MAGISTRATE JUDGE

---

[2] As noted by Defendants, Superintendant v. Hill, 472 U.S. 445, 455 (1985) requires "some evidence" to support the validation, "not that there be a particular number of pieces of evidence to support the decision." (Motion for Summary Judgment at 5.)  Thus, Defendants may wish to review the material contained in sealed Exhibit V to determine whether some of the evidence used to validate Plaintiff can be safely disclosed to him in this proceeding without raising any of the concerns outlined in the Motion to Seal.

[3] In the event Defendants elect this Option, the Court will maintain the sealed documents under seal for the purpose of establishing a record. However, it will not consider the contents of the document in resolving the Motion for Summary Judgment.