# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STEARNS, | CV F 00-6331 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT (Doc. 266.) |
| FLORES, et. al., | |
| Defendants. | |

Scott E. Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 27, 2004, Defendants filed a Motion for Summary Judgment. (Doc. 261.) Plaintiff did not file an Opposition to the Motion for Summary Judgment but on October 14, 2004, filed a "Cross Motion for Summary Judgment." (Doc. 266.)

On October 25, 2004, Defendants filed their Opposition to Plaintiff's cross-Motion for Summary Judgment. (Docs. 270-271.) Plaintiff filed his Reply to Defendant's Opposition on November 1, 2004. (Docs.272, 273.)

1

**A.  SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e.,

the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

The Local Rules require that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory, anser, admission or other document relied upon to establish that fact."  Local Rule 56-260(a).

The Court has reviewed the document titled "Cross-Motion for Summary Judgment" and finds that it is not in compliance with Local Rule 56-260(a).  Plaintiff's calling a pleading a cross-motion does not relieve him of his responsibility to submit the pleading in the proper form. A moving party's failure to cite to the evidence relied upon in support of each fact makes a responding party's burden unnecessarily more difficult.  The responding party should be able to quickly ascertain what facts offered by Plaintiff are to be con tested and what evidence is relied on in support of each fact.[1]

Accordingly, the Court RECOMMENDS that the Cross-Motion for Summary Judgment filed October 14, 2004, be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the

---

[1] The Court notes further that the Cross Motion raises issues unrelated to the Due Process claims at issue in Defendant's Motion for Summary judgment.  For example, Plaintiff complains in "ground 1" that the Del Norte Superior Court erroneously allowed the Defendants to submit false information in their case. (Cross Motion at 3.) The remaining "ground" raised by Plaintiff in this pleading appear to concern events or documents filed in the Superior Court case.

1  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
2  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
3  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
4  (9th Cir. 1991).
5  IT IS SO ORDERED.
6  **Dated:    July 28, 2005**            /s/ Lawrence J. O'Neill
   b9ed48                                    UNITED STATES MAGISTRATE JUDGE