1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   SCOTT STEARNS,                                      CV F 00 6331 AWI LJO P

10                    Plaintiff,

11        v.                                            SECOND SCHEDULING ORDER

12                                                      Telephonic Trial Confirmation
                                                        Hearing:      January 23, 2006, 3:00 p.m.
13   FLORES,                                                          Courtroom 3 (AWI)

14                    Defendants.           Trial:      February 28, 2006, 8:30 a.m.
     _____/                             Courtroom 3 (AWI)

15

16        Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17   this civil rights action pursuant to 42 U.S.C. § 1983.

18        This action is proceeding on Plaintiff's First Amended Complaint, filed April 27, 2001,

19   on the Eighth Amendment Failure to Protect claim against Defendant Flores.  Pursuant to Rule

20   16(b) of the Federal Rules of Civil Procedure, the Court will, by this order, set a further schedule

21   for this litigation.

22        The parties are required to file pre-trial statements in accordance with the schedule set

23   forth herein.  In addition to the matters already required to be addressed in the pre-trial statement

24   in accordance with Local Rule 16-281, Plaintiff will be required to make a particularized

25   showing in order to obtain the attendance of witnesses.  The procedures and requirements for

26   making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply

27   with the procedures set forth below may result in the preclusion of any and all witnesses named

28   in his pre-trial statement.

1

1    At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of

2  the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of

3  trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to

4  produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or

5  witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain

6  procedures to ensure that the witnesses will be at the trial and available to testify.

7        1.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to

8  Testify Voluntarily  –  An incarcerated witness who agrees voluntarily to attend trial to give

9  testimony cannot come to court unless this Court orders the warden or other custodian to permit

10  the witness to be transported to court.  This Court will not issue such an order unless it is

11  satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has

12  actual knowledge of relevant facts.

13    A party intending to introduce the testimony of incarcerated witnesses who have agreed

14  voluntarily to attend the trial must serve and file concurrent with the pre-trial statement a written

15  Motion for a court order requiring that such witnesses be brought to court at the time of trial.

16  The Motion must: (1) state the name and address of each such witness; and (2) be accompanied

17  by affidavits showing that each witness is willing to testify and that each witness has actual

18  knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of

19  Incarcerated Witnesses."

20    The willingness of the prospective witness can be shown in one of two ways: (1) the party

21  himself can swear by affidavit that the prospective witness has informed the party that he or she

22  is willing to testify voluntarily without being subpoenaed, in which the party must state when and

23  where the prospective witness informed the party of this willingness; or (2) the party can serve

24  and file an affidavit sworn to by the prospective witness, in which the witness states that he or

25  she is willing to testify without being subpoenaed.

26    The prospective witness' actual knowledge of relevant facts can be shown in one of two

27  ways: (1) if the party has actual firsthand knowledge that the prospective witness was an

28  eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell

1 and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may

2 swear to the cellmate's ability to testify), the party himself can swear by affidavit that the

3 prospective witness has actual knowledge; or (2) the party can serve and file an affidavit sworn to

4 by the prospective witness in which the witness describes the relevant facts to which the

5 prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the party or by

6 the prospective witness, it must be specific about the incident, when and where it occurred, who

7 was present, and how the prospective witness happened to be in a position to see or to hear what

8 occurred at the time it occurred.

9      The Court will review and rule on the motion for attendance of incarcerated witnesses,

10 specifying which prospective witnesses must be brought to court.  Subsequently, the Court will

11 issue the order necessary to cause the witness' custodian to bring the witness to court.  **Motions**

12 **for the attendance of incarcerated witnesses, if any, must be filed on or before December**

13 **26, 2005.  Oppositions, if any, must be filed on or before January 9, 2006.**

14      2.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to

15 Testify Voluntarily  --  If a party seeks to obtain the attendance of incarcerated witnesses who

16 refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the

17 attendance of such witnesses.  Such motion should be in the form described above.  In addition,

18 the party must indicate in the motion that the incarcerated witnesses are not willing to testify

19 voluntarily.

20      3.      Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

21 Testify Voluntarily  –  It is the responsibility of the party who has secured an unincarcerated

22 witness' voluntary attendance to notify the witness of the time and date of trial.  No action need

23 be sought or obtained from the court.

24      4.      Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

25 Testify Voluntarily  --  If a prospective witness is not incarcerated, and he or she refuses to testify

26 voluntarily, the party must prepare and submit to the court a subpoena for service by the Marshal

27 upon the witness.  (Subpoena forms may be obtained from the Clerk of the Court upon

28 notification to the Clerk of the name of the party or parties to be subpoenaed).  Also, the party

1   seeking the witness' presence must tender an appropriate sum of money for the witness with the

2   subpoena.  In the case of an unincarcerated witness, the appropriate sum of money is the daily

3   witness fee of $40.00 plus the witness' travel expenses.  If Plaintiff notifies the court in writing

4   of the location of each unincarcerated witness, the Court will calculate the travel expenses for

5   each unincarcerated witness and notify Plaintiff of the amount.

6         A subpoena will not be served by the United States Marshal upon an unincarcerated

7   witness unless the subpoena is accompanied by a money order made payable to the witness for

8   the full amount of the witness' travel expenses plus the daily witness fee of $40.00.  As noted

9   earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the

10  tendering of witness fees and travel expenses is required even if the party was granted leave to

11  proceed in forma pauperis.  **If plaintiff wishes to have the Marshal serve any unincarcerated**

12  **witnesses who refuse to testify voluntarily, Plaintiff must submit the subpoenas and money**

13  **orders to the court no later than January 23, 2006.**

14        The parties are advised that failure to file pre-trial statements as required by this order

15  may result in the imposition of appropriate sanctions, which may include dismissal of the action

16  or entry of default.

17        Finally, the Court shall direct the Clerk's Office to provide Defendants with a

18  consent/decline form.  Within thirty days (30) from the date of service of this Order, Defendants

19  shall inform the Court whether they consent to or decline Magistrate Judge jurisdiction.[1]

20        Accordingly, the court HEREBY ORDERS as follows:

21      1.    This matter is set for telephonic trial confirmation hearing before the Honorable

22          Anthony W. Ishii on **January 23, 2006,** in Courtroom 3;

23      2.    This matter is set for jury trial before the Honorable Anthony W. Ishii on

24          **February 28, 2006,  at 8:30 a.m.** in Courtroom 3;

25      3.    Counsel for Defendants is required to arrange for the participation of Plaintiff in

26          the Telephonic Trial Confirmation Hearing and to initiate the telephonic hearing

27

28

    [1] Plaintiff consented to Magistrate Judge jurisdiction on May 15, 2002.  (Doc. 5.)

1   at **(559) 498-7486**;

2   4.   Plaintiff shall serve and file a pre-trial statement as described in this order on or

3   before **December 12, 2005**;

4   5.   Defendants shall serve and file a pre-trial statement as described in this order on

5   or before **January 2, 2006**;

6   6.   If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall

7   serve and file a motion for attendance of incarcerated witnesses as described in

8   this order on or before **December 26, 2005;**

9   7.   The Opposition to the Motion for the Attendance of Incarcerated Witnesses, if

10   any, shall be filed on or before **January 9, 2006;**

11   8.   If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse

12   to testify voluntarily, Plaintiff must submit the subpoenas and money orders, as

13   described in subsection 4 of this order, to the Court on or before **January 23,**

14   **2006;**

15   9.   The Clerk's Office shall send Defendants a consent/decline form; and

16   10.   Within **thirty (30) days** from the date of service of this Order, Defendants shall

17   notify the Court whether they consent to or decline Magistrate Judge jurisdiction.

18   IT IS SO ORDERED.

19   **Dated:     October 3, 2005**                         **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

5