UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STEARNS, | CV F  00-6331 AWI LJO P |
| Plaintiff, | ORDER DENYING MOTIONS<br>(Docs 299, 300, 322, 326, 328, 337.) |
| v. | FINDINGS AND RECOMMENDATIONS<br>REGARDING MOTION FOR TEMPORARY |
| FLORES, et. al., | RESTRAINING ORDER (Doc. 305, 306, 307.) |
| Defendants. | |

Plaintiff Scott E. Stearns ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2005, the District Court adopted Findings and Recommendations that Plaintiff's Due Process claim against all Defendants (concerning gang validation) be dismissed and that the action proceed to trial on Plaintiff's Eighth Amendment Claim. (Docs. 311, 312.) Plaintiff subsequently filed a series of motions which the Court will address individually below.

**A. MOTION FOR ADDITIONAL FINDINGS UNDER RULE 52(C) - Doc. 299.**

In this Motion, Plaintiff states that Correctional Officers did not deliver to him document #294. Thus, Plaintiff requests that the Court make additional findings under Rule 52(c) that these individuals prevented Plaintiff from demonstrating that Counsel for Defendant did not

1

disclose the "4 memos" in Exhibit V.

Rule 52(c) of the Federal Rules of Civil Procedure is inapplicable to the case at hand. The Due Process claim was disposed of by way of a Motion for Summary Judgment, not a trial by jury or a bench trial. Thus, Rule 52(c) concerning Judgment on Partial findings is inapplicable. In addition the Court's Order referenced by Plaintiff did not Order Defendants to disclose all of Exhibit V, it provided Defendants with options which included disclosure of some or all of Exhibit V. As discussed in detail below, Defendants exercised an option other than disclosure of all of Exhibit V. Accordingly, Plaintiff's Motion is DENIED.

**B. MOTION FOR CONTEMPT - Docs. 300**

On July 18, 2005, Plaintiff filed a Motion for Contempt under Rule 65(d). Rule 65, however, concerns Injunctions. Plaintiff states that the Court's Order directing disclosure of Exhibit V (Doc. 294) was never complied with.

On May 16, 2005, the Court issued an Order directing the Defendants to do one of three things: (1) disclose some or all of the evidence submitted under Seal in Exhibit V; (2) provide further briefing; or (3) request that the Exhibit be withdrawn. (Doc. 294.) On June 15, 2005, Defendants responded to the Court by providing further briefing. (Doc. 296.) In addition, Defendants disclosed two pieces of evidence previously submitted under seal and used to validate Plaintiff as a gang member. Id. These documents were attached to Defendants Response filed on June 15, 2005, and contained a declaration that the entire Response and exhibits were served on Plaintiff. In light of the above, Plaintiff's contention that Defendants should be held in contempt is unwarranted. Defendants elected to disclose two pieces of evidence, an option which was given them by the Court's Order dated May 16, 2005. The Court did not require that they disclose *all* of Exhibit V, but gave Defendants several options. The option selected by Defendants was sufficient to meet the burden in demonstrating that there was no genuine issue of material fact warranting trial on the Due Process claim. Accordingly, Plaintiff's Motion for Contempt is DENIED.

**C. MOTION FOR TEMPORARY RESTRAINING ORDER** - Doc. 305.

On August 4, 2005, Plaintiff moved for a Temporary Restraining Order. Plaintiff states

1  that new case law in the Northern District of California provides that an inmate who is labeled as
2  a gang member may be released after 6 years with no gang acts alleged.  Plaintiff alleges that he
3  should now be released.
4        The legal principles applicable to a request for preliminary injunctive relief are well
5  established.  To prevail, the moving party must show either "(1) a likelihood of success on the
6  merits and the possibility of irreparable injury, or (2) the existence of serious questions going to
7  the merits and the balance of hardships tipping in [the moving party's] favor."  <u>Oakland Tribune,</u>
8  <u>Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u> <u>Apple</u>
9  <u>Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984); <u>see also</u>
10 <u>Hartikka v. United States</u>, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
11 two points on a sliding scale with the focal point being the degree of irreparable injury shown.
12 <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
13 demonstrate that there exists a significant threat of irreparable injury."  <u>Id</u>.  In the absence of a
14 significant showing of irreparability, the court need not reach the issue of likelihood of success
15 on the merits.  <u>Id</u>.
16       Because the federal court is a court of limited jurisdiction, as a threshold matter, the court
17 must have before it a case or controversy.  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  Absent such a
18 case or controversy, the court has no power to hear the matter.  <u>Rivera v. Freeman</u>, 469 F.2d
19 1159, 1162-1163 (9th Cir. 1972).
20       As noted above, the Due Process claim concerning Plaintiff's validation as a gang
21 member was resolved by the District Court on August 30, 2005.  Thus, the issue of gang
22 validation is not longer part of this action and the Court will RECOMMEND that the Motion be
23 DENIED.
24 **D.  MOTION FOR CONTEMPT AND PERJURY - Doc. 322**
25       On September 8, 2005, Plaintiff moved for sanctions against Counsel for Defendant.
26 Plaintiff states that in a letter indicating that Counsel would not answer discovery, a declaration
27 executed by C. Ferracioli, says it was sent to Plaintiff on September 9, 2005, but that this is a lie
28 because the envelope is stamped September 19, 2005, and Plaintiff did not receive it until

September 21, 2005.

Civil contempt is appropriate when a party fails to comply with a court order that is both specific and definite. Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984). Failure to comply consists of not taking all the reasonable steps within one's power to insure compliance with the order. Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989). A court must find civil contempt based on clear and convincing evidence. Id. Substantial compliance with a court order is a defense to an action for civil contempt. Id. However, intent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense. Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992). Punishment for civil contempt is intended to be either coercive or compensatory. U.S. v. Rylander, 714 F.2d 996, 1001 (9th Cir. 1993).

In this case, the Local Rules and the Federal Rules of Civil Procedure require that all pleadings filed with the Court must be served on the opposing party. Local Rule 5-135(b); Fed.R.Civ.P. 5. This is per rule and not court order. Thus, Defendants are not in contempt. Having reviewed the evidence before the Court submitted by Plaintiff, the Court finds that Defendants have also not failed to comply with the rules. Plaintiff, by his own admission, states he received the documents. Plaintiff's complaint is that they were not postmarked on the same date that the person executing the Declaration of Service signed their name. Plaintiff's complaint is petty and his motion borders on harassment of the opposing party which could result in the imposition of sanctions upon him. Finding no merit to the complaints advanced by Plaintiff, the Court DENIES the Motion for Contempt and Perjury.

**E. MOTION FOR COURT ORDER DIRECTING PBSP** - Doc. 326

On October 7, 2005, Plaintiff filed a Motion for Court Order to make PBSP give the Plaintiff discovery Photos with Order to Compel Discovery. Plaintiff's request, however, is wholly unclear. The one paragraph written merely states that it is the prison's policy not to allow inmates to have crime photos and thus, Plaintiff has been made a victim. However, the claim at issue in this case is an eighth Amendment Claim of Deliberate indifference and involves no crime wherein crime photos would be part of this record. Accordingly, the Motion for Court Order is DENIED.

1  **F. MOTION TO COMPEL** - Doc. 328.

2  On October 26, 2005, Plaintiff filed a pleading titled Motion to Compel. Plaintiff states
3  he seeks to Compel discovery in Document #319. However, Document #319 is itself a Motion to
4  Compel discovery which was denied by the Court on September 26, 2005, because Discovery
5  had not been opened by the Court. Even had discovery been opened, Plaintiff's Motion to
6  Compel is lacking in the Rule 37 certification required.

7  Pursuant to Rule 37, a motion to compel must be accompanied by "a certification that the
8  movant has in good faith conferred or attempted to confer with the party not making the
9  disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. Pro.
10 37(a)(2)(A). Accordingly, Plaintiff's Motion to Compel filed October 26, 2005, is DENIED.

11 **G. MOTION TO COMPEL - Doc. 337.**

12 On October 28, 2005, Plaintiff filed an Amended Motion to Compel. Plaintiff indicates
13 that Defendants must produce the documents in document 319 or "face sanctions." However, as
14 in the prior Motion to Compel, Document 319, itself a Motion to Compel, was denied by the
15 Court on September 26, 2005. Plaintiff takes the opportunity in this pleading to complain that
16 this Court is giving him the "run around." Plaintiff also alleges that he "got screwed" on his Due
17 Process claim and further states that the Court should either "comply with [his] constitutional
18 right to a fair trial or get off [his] case." Plaintiff alleges no legitimate basis for a Motion to
19 Compel. Accordingly, the Motion to Compel is DENIED.

20 **H. ORDER AND RECOMMENDATION**

21 The Court HEREBY ORDERS:

22 1. The Rule 52(c) Motion is DENIED (Doc. 299):
23 2. The Motion for Contempt is DENIED (Doc. 300);
24 3. The Motion for Contempt of Perjury is DENIED (Doc. 322.)
25 4. The Motion for Order Directing PBSP is DENIED (Doc. 326.)
26 5. The Motion to Compel filed October 26, 2005, is DENIED (Doc. 328);
27 6. The Motion for Relief Modification is DENIED (Doc. 331.)
28 7. The Motion to Compel filed October 28, 2005, is DENIED (Doc. 337.)

The Court RECOMMENDS that the Motion for Temporary Restraining Order (Doc. 305, 306, 307) be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 7, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                                   UNITED STATES MAGISTRATE JUDGE