# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STEARNS, | CV F    00 6331 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR SUMMARY JUDGMENT (Doc. 339, 349.) |
| FLORES, | |
| Defendants. | |

Scott Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A.   RELEVANT PROCEDURAL HISTORY**

Plaintiff filed the instant action on September 1, 2000.  On April 3, 2001, the Court dismissed the Complaint with leave to amend.[1]  Plaintiff filed a First Amended Complaint on April 27, 2001. (Doc. 20.)  The Court screened this Complaint and on June 12, 2001, the Court found the Complaint stated a cognizable claim against Defendants Jacquez, Sanchez, Edwards, Espinoza, Johnson, Lilly, Leeper, Duvall, Pineda, Flores, Saturnio, Caretto, Casey, Brown and

---

[1] The Court found that Plaintiff failed to allege facts sufficient to state an Eighth Amendment failure to protect claim.  (Doc. 15.)

1  Mata. (Doc. 21.) On September 20, 2001, the Court issued an Order directing service of the
2  Complaint. (Doc. 31.)
3       On September 21, 2001, Plaintiff moved for leave to amend the complaint which was
4  later denied as moot. (Doc. 33.) On November 26, 2001, Defendants moved for dismissal on
5  the grounds that Plaintiff had failed to exhaust administrative remedies.
6       On January 4, 2002, the Court issued Findings and Recommendations that the Motion to
7  Dismiss be granted as to all but Defendant Flores and that the action proceed only against
8  Defendant Flores.[2] The District Court adopted the Recommendations on April 3, 2002. (Doc.
9  93.)
10      On August 27, 2002, Plaintiff filed a Motion to file a "Supplemental" complaint and also
11 lodged the "Supplemental" complaint. (Docs. 132, 133.)
12      On November 7, 2002, the District Court vacated its Order adopting the Findings and
13 Recommendations granting dismissal as to all but one Defendant. The Court adopted the
14 Findings with the modification that the action proceed against Flores, Sanchez, Lilly, Leeper,
15 Saturnio and Johnson because those Defendants were not named in the caption of the Motion to
16 Dismiss filed by Defendant's. (Doc. 135.)
17      On December 17, 2002, Defendants filed a Second Motion to Dismiss on the basis of
18 exhaustion. (Doc. 136.) The Court, on February 4, 2003, issued an Order granting Plaintiff's
19 Motion to file a Supplemental Complaint, ordered that the lodged complaint be filed and deemed
20 it to be Plaintiff's Second Amended Complaint. The Court further denied any allegations made
21 against the Defendants the Court previously dismissed from the action and granted Plaintiff's
22 request to add as defendants, Alexander, Fischer, Cowen, Nordyke, Floto, Vaughn, Shannon,
23 Ahlin and Atkinson. (Doc. 143.) The Court issued a separate order on February 4, 2003,
24 finding the Complaint to state a cognizable Eighth Amendment and Due Process claims against
25 Flores, Sanchez, Lilly, Leeper, Saturnio, Johnson, Alexander, Fischer, Cowen, Nordyke, Floto,
26 Vaughn, Shannon, Ahlin and Atkinson and ordered service of the Complaint. (Doc. 146.) The
27
28     [2]Defendants Jacquez and Casey were not properly served.

1  Court also Recommended that the Motion to Dismiss be denied without prejudice to a refiling at
2  a later date. (Doc. 147.)
3       On April 15, 2003, Defendants filed a third Motion to Dismiss on the basis of exhaustion.
4  (Doc. 168.)  The Court issued Findings and Recommendations on November 24, 2003 that the
5  Motion be denied. (Doc. 192.) The Recommendation was adopted by the District Court on
6  February 2, 2004.  (Doc. 212.)
7       On March 5, 2004, Defendants filed a Motion for Summary Judgment. (Doc. 217)  On
8  March 17, 2004, Plaintiff filed his Reply to the Motion for Summary Judgment. (Doc. 225.)
9  Defendants filed a Response to the Reply on March 26, 2004. (Doc. 230.)  On May 28, 2004, the
10 Court recommended that the Motion for Summary Judgment be denied with regard to the due
11 process claim against all Defendants because Defendants failed to provide the Court with
12 evidence to support the Motion.  The Court also recommended that the failure to protect claim
13 against Defendant Flores[3] be denied and that the Motion be granted with respect to the failure to
14 protect claim against Defendant Saturnio. (Doc. 240.)  The District Court adopted these findings
15 on September 10, 2004.  (Doc. 260.)
16      Defendants filed a Motion for Summary Judgment with supporting evidence on
17 September 27, 2004, addressing only the due process issue.[4] (Doc. 261.)  Plaintiff did not file an
18 Opposition to the Motion for Summary Judgment but on October 14, 2004, filed a "Cross Motion
19 for Summary Judgment." (Doc. 266.)

---

[3] According to the Court's recommendation, Defendant Flores provided a declaration that he was unaware of the threat of attack against Plaintiff and that Plaintiff requested that he be housed on the white yard. Plaintiff, however, provided a declaration to the contrary and thus, there existed a disputed issue of material fact warranting the denial of summary judgment on the failure to protect claim. See, Doc. 240. Thus, the Eighth Amendment claim against Defendant Flores is still viable.

[4] Defendants requested and were granted the filing of the Exhibit V under seal. (Doc. 269, 281.) However, upon review of the Motion for Summary Judgment, and evidence filed under seal, and the record, the Court determined that all of the evidence used to validate Plaintiff and contained in Exhibit V, was not disclosed to Plaintiff for the purposes of these federal proceedings as required by the Federal Rules of Civil Procedure. Thus, the Court gave Defendants the option of serving Plaintiff with the copies so that Plaintiff could present a defense to the Motion, that Defendants withdraw their Motion for Summary Judgment or provide the Court with legal authority that would allow it to resolve a dispositive motion relying on evidence not disclosed to the opposing party. On June 15, 2005, Defendants served Plaintiff with two documents that were used to validate him as a NLR member and were submitted to the Court under seal.  Accordingly, the Court now examines the Motion for Summary judgment relying solely on the evidence either disclosed to Plaintiff by Defendants or that Plaintiff submitted.

1  On October 25, 2004, Defendants filed their Opposition to Plaintiff's cross-Motion for Summary Judgment. (Docs. 270-271.) Plaintiff filed his Reply to Defendant's Opposition on November 1, 2004. (Docs. 272, 273.)

On July 29, 2005, the Court issued two Findings and Recommendations that the Motion for Summary Judgment on the Due Process allegation and Plaintiff's Cross Motion for Summary Judgment be denied. (Docs. 301, 302.) The District Court adopted the Findings and Recommendations on August 3, 2005. (Docs. 311, 312.) Based on these events, the sole remaining issue is whether Defendant Flores failed to protect Plaintiff in violation of the Eighth Amendment.

On November 4, 2005, and December 2, 2005, Plaintiff filed identical Motions for Summary Judgment. Both of these motions allege that there exists no genuine issue of material fact with regard to whether Plaintiff's Due Process rights were violated when he was validated as a gang member with "no proof." (Motions at 1.) The Motion then challenges the standard of review used in determining whether Plaintiff's Due Process rights were violated and further challenges the evidence used to validate him. (Motions at 4.) However, as noted above, the issue as to whether Plaintiff's due process rights were violated was resolved by the Court in the Findings and Recommendations issued on July 29, 2005, and adopted by the District Court on August 3, 2005. Thus, the issue has been resolved and the sole remaining claim in the action is the Eighth Amendment allegation against Defendant Flores.

Accordingly, the Court HEREBY RECOMMENDS that the Motions for Summary Judgment be DENIED as they address claims already litigated and resolved by the Court.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served

1 and filed within TEN (10) court days (plus three days if served by mail) after service of the
2 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
3 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
4 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
5 (9th Cir. 1991).

7 IT IS SO ORDERED.

8 Dated:    **December 14, 2005**              /s/ Lawrence J. O'Neill
  b9ed48                                    UNITED STATES MAGISTRATE JUDGE