# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STEARNS, | CV F   00 6331 AWI LJO P |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO TAKE DEPOSITION BY ELECTRONIC MEANS (Doc. 347.) |
| FLORES, | |
| Defendant. | |

    Scott Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Defendant has filed the instant request to take Plaintiff's deposition electronically. Plaintiff filed an Opposition to the Motion on November 30, 2005.  (Doc. 347.)

    On November 15, 2005, the Court issued a Discovery and Scheduling Order setting forth specific deadlines for the close of discovery and filing of dispositive motions. With regard to the taking of depositions, the Order stated specifically that Defendant need not request permission from the Court prior to obtaining a deposition of Plaintiff or any other witness confined in prison unless, at least fourteen (14) days before such a deposition, Defendant serves all parties with the

notice required by Federal Rule of Civil Procedure 30(b)(1).  (Doc. 344.)

Here, Defendant seeks a Court Order granting the request because Plaintiff will not stipulate to his deposition by electronic means.

Pursuant to Rule 30(b)(7) of the Federal Rule of Civil Procedure, the parties may stipulate in writing, or the Court may upon motion order that a deposition be taken by telephone or other remote electronic means.  Here, Defendant states that counsel is located in Los Angeles and Plaintiff is confined at Pelican Bay State Prison in Crescent City, making it time consuming and expensive to conduct the deposition in person.

In his Opposition, Plaintiff complains that the Defendant has not yet responded to his discovery and thus, he refuses to be "disposed" in the manner requested by Defendant.  The Court notes that in a separate Order issued concurrent with this Order, the Court denied Plaintiff's Motion to Compel on the grounds that Plaintiff did not comply with the Federal Rules of Civil Procedure.  In addition, the Motion sought to compel discovery propounded on Defendant prior to the Court's issuance of an Order opening discovery.  Thus, Defendant was not under any legal obligation to respond.  In any event, Plaintiff is reminded that he is required to comply with discovery rules and procedures or he may risk the imposition of sanctions which may include the dismissal of his case.

Accordingly, the Court finds GOOD CAUSE exists for granting the Motion for Leave to Take Deposition of Person Confined in Prison.   Plaintiff's deposition may be taken by video-conference, or if the video-conference equipment malfunctions, by telephone.  Counsel for Defendant may also appear in person at his option.

IT IS SO ORDERED.

**Dated:    December 14, 2005              /s/ Lawrence J. O'Neill**
b9ed48                                       UNITED STATES MAGISTRATE JUDGE