# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STEARNS, | CV F   00 6331 LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (Docs. 305, 306, 307.) |
| FLORES, | |
| Defendants. | |

Scott Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to Title 28 U.S.C. §636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On August 4, 2005, Plaintiff moved for a Temporary Restraining Order.  Plaintiff states that new case law in the Northern District of California provides that an inmate who is labeled as a gang member may be released after 6 years with no gang acts alleged.  Plaintiff alleged that he should now be released.

As noted above, the Court initially issued Findings and Recommendations on November 7, 2005, concerning the Motion for Temporary Restraining Order.  Plaintiff filed Objections to the Findings on November 17, 2005.

The legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to

1  the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland Tribune,
2  Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple
3  Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also
4  Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
5  two points on a sliding scale with the focal point being the degree of irreparable injury shown.
6  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
7  demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a
8  significant showing of irreparability, the court need not reach the issue of likelihood of success
9  on the merits.  Id.

10  Because the federal court is a court of limited jurisdiction, as a threshold matter, the court
11  must have before it a case or controversy.  Flast v. Cohen, 392 U.S. 83, 88 (1968).  Absent such a
12  case or controversy, the court has no power to hear the matter.  Rivera v. Freeman, 469 F.2d
13  1159, 1162-1163 (9th Cir. 1972).

14  After consideration of Plaintiff's Objections, the Court HEREBY ORDERS that the
15  Motion for Temporary Restraining Order is DENIED.  As noted above, the Due Process claim
16  concerning Plaintiff's validation as a gang member was resolved by the District Court on August
17  30, 2005.  Thus, the issue of gang validation is no longer part of this action.
18  IT IS SO ORDERED.

19  **Dated:   February 7, 2006**              **/s/ Lawrence J. O'Neill**
    b9ed48                                     UNITED STATES MAGISTRATE JUDGE