# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STEARNS, | CV F   00-6331 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTIONS (Docs. 360, 361, 362, 364, 365, 366.) |
| FLORES, et. al., | |
| Defendants. | |

Plaintiff Scott E. Stearns ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On January 20, 2006, Plaintiff filed a Motion to Receive enlarged requests for admissions, two Motions for Pitchess review, a Motion to Compel, and Motion for Discovery, and a Motion for Subpoena Testimony. Plaintiff submitted a Declaration on February 3, 2006, "certifying" his attempts regarding discovery. The Court will address each motion in turn.

**A. Motion to Compel** (Doc. 362.)

1

1    On January 20, 2006, Plaintiff filed a Motion to Compel responses to interrogatories on
2 the basis that the Defendants have not provided sufficient answers. (Motion at 1.) Plaintiff states
3 in his Motion that he has "in 'Good Faith' [] conferred with A.G. by mail to receive this
4 information and did not receive it." (Motion at 2.) Plaintiff also submitted his Declaration
5 certifying "attempts to informally resolve discovery." Plaintiff's statement and declaration are
6 inadequate, however, to meet the requirements of Rule 37.
7    Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure provides that a motion to
8 compel contain certification that the moving party has, in good faith, conferred or attempted to
9 confer with the party not making the disclosure in an effort to secure the disclosure without court
10 intervention. The rule contemplates a live exchange of ideas and opinions as it requires that the
11 parties "meet and confer." The Local Rule 37-251(b) similarly requires the parties to "meet and
12 confer to resolve their differences and if unable to resolve them, set forth their differences and
13 bases therefor in a joint statement re discovery disagreement." Local Rule 37-251(b). The rule
14 further provides that the moving party is responsible for arranging the conference, which shall be
15 held at a time and place and in a manner convenient to counsel. Id. The moving party should
16 detail its efforts to meet and confer and explain why they proved useless.
17    Here, Plaintiff states in his motion that attempted to "confer" with Defendants by mail to
18 receive this information." (Motion at 2.) In his Declaration, Plaintiff states he "attempted to
19 receive fourth set of discovery answers" since the opening of discovery on November 27, 2005.
20 However, the mere sending of a request to obtain discovery is insufficient to meet the
21 requirements of Rule 37 and the Local Rules. Sending a request to receive answers to
22 admissions, interrogatories or request for production of documents is simply utilization of the
23 discovery mechanism. However, it is not indicative of a party's attempts to resolve a dispute as
24 to the requests for admissions, interrogatories or why the documents were not produced. As
25 noted above, the rules contemplate that the parties meet and confer to resolve discovery disputes.
26 Here, Plaintiff has only attempted to gain discovery by mail and does not indicate that he has
27 attempted to actually meet with defense counsel to confer about the discovery issues prior to
28 seeking intervention by the Court. Accordingly, Plaintiff's Motions to Compel are DENIED.

**B. Motion to receive enlarged requests for admissions** (Docs. 360, 364.)

Plaintiff also filed two identical pleadings titled "Motion to Receive Enlarged Request for Admissions of 207 (enclosed) questions by subpoena." (Docs. 360, 364.) In this document, Plaintiff states that he wishes the Court to issue a "subpoena to [compel] Answer enlarged requests for admissions, interrogatories, and production of documents by named parties." (Motion at 1.) Plaintiff then references the filed Motions to Compel further indicating that it is "important to determine relevant history of C/O's who the Court is relying upon to determine relevant facts upon failure to protect claims." Id.

Plaintiff's Motions are denied. Plaintiff's request of the Court in this document is essentially the same as that requested in the Motions to Compel - that the Court compel answers from Defendant. The Court will not issue subpoenas or Orders compelling the production of documents, admissions, or interrogatories unless and until the parties have met and conferred and were still unable to resolve discovery disputes. Accordingly, for the same reasons as that outlined in Section D concerning the Motions to Compel, the Motion is DENIED.

**C. Pitchess Motion** (Docs. 361, 366.)

Plaintiff has also filed two identical "Motions for Pitchess Review" in which Plaintiff states that the record does not provide sufficient facts for review of his claims. Thus, he seeks discovery of any Complaints made against Defendant Flores, as well as a number of other officers who are not parties to the case or are no longer parties to the case. Plaintiff states further that should the Court find this information relevant, the Court may wish to "vacate the due process denial" and "remand the case."

The California Supreme Court in Pitchess v. Superior Court,11 Cal.3d 531 (1974), established that a criminal defendant could compel discovery of certain relevant information in the personnel files of law enforcement officers by making general allegations which establish some cause for discovery of that information, and by showing how it would support a defense to the charges against him. Pitchess v. Superior Court,11 Cal.3d 531 (1974). The "Pitchess" motion is not available to a Plaintiff proceeding in a civil action in federal court. In addition, the Court has repeatedly informed Plaintiff that the Due Process issue has been resolved in this case.

1  Thus, no further discovery related to this issue, subpoenas, or any type of investigation by
2  Plaintiff may be had.  This means that the Court will not issue orders on Plaintiff's behalf in an
3  attempt to gain information that may or may not be relevant to resolved issues.  The Court will
4  not entertain motions related to the Due Process claim which has already been disposed of.

5       Accordingly, Plaintiff's "Pitchess Motions" are DENIED.

6  **D.  Notice of Motion** (Doc. 365.)

7       On February 3, 2005, Plaintiff filed a "Notice of Motion" in which he attempts to set a
8  hearing before this Court for the purpose of discussing his wishes to subpoena testimony from
9  Defendants.  Plaintiff then states that the Court can conduct a *in camera review* and Pitchess
10 Motions of confidential material.  The Clerk of Court docketed the pleading as a Motion as
11 Plaintiff was attempting to have the Court hold a hearing.

12      Following the opening of discovery, discovery propounded on a party becomes
13 self-executing.  See Local Rules 33-250, 34-250, 36-250.  This means that the Court does not
14 become involved in discovery matters unless it is for the purpose of resolving discovery disputes.
15 Thus, Plaintiff may not seek to have the Court hold a hearing for the purpose of obtaining
16 testimony from "Defendants."  The discovery process is available to Plaintiff for that purpose.
17 Plaintiff is reminded again that there is only one remaining Defendant in this case and that the
18 sole issue concerns the alleged failure to protect him.  Plaintiff's repeated attempts to gain
19 discovery or file motions concerning resolved issues will result in summary denials by the Court.
20 Accordingly, Plaintiff's "Motion" for Subpoena testimony is DENIED.

21 IT IS SO ORDERED.

22 **Dated:   February 9, 2006**        /s/ Lawrence J. O'Neill
    b9ed48                                         UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28