UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT STEARNS, | | CV F   00 6331 AWI LJO P |
| | Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO SERVE DISCOVERY RESPONSES (Doc. 382.) |
| v. | | |
| FLORES, | | ORDER DENYING MOTIONS TO COMPEL (Docs. 386, 395.) |
| | Defendant. / | |

Scott Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 6, 2005, the Court issued a Scheduling and Discovery Order setting a discovery deadline of November 16, 2005.

On March 3, 2006, Defendants moved for an extension of time to serve discovery responses. Counsel for Defendant states that she was recently assigned responsibility for this case and the status of the discovery responses was not made clear to her. Thus, Counsel had to review the entire case file to determine what discovery was outstanding. After reviewing the file, Counsel learned that the responses to the third set of admissions, consisting of 158 requests, was outstanding. In addition, Plaintiff served a fourth set of discovery requests in December of 2005.

1  Upon review of those requests, Counsel learned that some of the requests were duplicative of
2  previously made requests and that some of the responses required further work.  Plaintiff filed a
3  fifth set in January of this year consisting of 56 more interrogatories.  Defendants request an
4  extension of time of 45 days from the date of the request to provide a response to Plaintiff's
5  fourth requests for production of documents, admissions and interrogatories.  In addition,
6  Defendants seek sixty (60) additional days to complete and serve the responses to the other
7  outstanding discovery requests.

8        On March 13, 2006, Plaintiff opposed the Motion for an extension of time.  Plaintiff
9  asserts that granting the extension of time will "cut off [his] search for evidence/proof."  Plaintiff
10 further threatens that if the Court grants the request, he will appeal the issue to the Ninth Circuit.
11 Plaintiff argues further that Defendant has not made any attempt to comply with Rule 37 in
12 seeking this extension and thus, it should be denied.

13       As a preliminary matter, the Court will not act in any manner dictated by a party upon the
14 threat of an appeal.  A grant or a denial of any motion is made based on the law and/or a showing
15 of good cause.  Here, the Court has reviewed Defendant's request and finds good cause for the
16 extension of time.  Contrary to Plaintiff's assertion, granting Defendant time to respond to the
17 numerous and perhaps duplicative responses to discovery propounded does not interfere with
18 Plaintiff's search for information for were the request denied, Plaintiff would not receive the
19 responses he seeks.  The Court also reminds Plaintiff that the manner in which he has litigated
20 this case has contributed to the need for additional time to respond to Plaintiff's discovery as well
21 as any delay of the case.

22       As noted by Defendant, Plaintiff's third set of admissions consisted of 158 requests, the
23 fourth set of discovery consisted of 35 interrogatories, 52 requests for production of documents,
24 and 155 requests for admissions, some of these requests appear to be identical to those made in
25 the third set.  The fifth set of discovery consists of 56 interrogatories, and a seventh set consists
26 of 25 requests for production of documents, 56 interrogatories and 166 requests for admissions.
27 Despite the fact that Plaintiff's requests exceed the limits imposed by the Rules of Civil
28 Procedure, Defendants have made every attempt to respond to Plaintiff's requests by seeking

time where additional time was and is needed. Given Counsel for Defendant's circumstances and the overwhelming number of requests propounded, the extension of time serves to benefit Plaintiff, not harm him. With respect to any delay, this Court again notes the size of the record in this case. To date the case file has almost four hundred documents. Plaintiff has filed 12 Motions to Compel, many related discovery motions, repeated Notices of Appeal on non-appealable orders,[1] Motions for the appointment of counsel,[2] at least two Motions for Temporary Restraining Orders, three Motions for Contempt, 8 "Informative Motions," 4 Motions for Summary Judgment, 2 Motions for Pitchess Review, in addition to Motions for Status Conference, emergency settlement, to file documents, to amend and many others. In light of the above, any delay of the case is largely attributable to Plaintiff.

With respect to Plaintiff's assertion that Defendants have not complied with Rule 37 in making this Motion, Rule 37 is inapplicable to a request for an extension of time to *respond* to discovery requests. The provision Plaintiff seeks to apply to Defendant concerns compliance with Rule 37 in making a motion to compel discovery. To date, only Plaintiff had made such a motion.

With regard to Plaintiff's Motions to Compel, although the Court has repeatedly informed Plaintiff of the requirements of Rule 37, Plaintiff has again failed to comply. Even were the Court to disregard the requirements of Rule 37, Plaintiff's Motions would be denied.

First, Plaintiff's Motion filed on March 1, 2005, concerns the very discovery for which Defendants have requested an extension of time. Thus, Defendants have not refused or failed to respond but only require additional time to respond. As noted above, given the sheer volume of discovery propounded on Defendant by Plaintiff and the fact that much of it may be duplicative of that previously answered, more time is warranted. Plaintiff's practice of duplicating pleadings is evidenced by the next Motion to Compel filed on March 22, 2005. This "Motion" consists of only one page and, with the exception of the scratched out date, is merely a photocopy of the first

---

[1] Docs. 318, 379, 376, 213, 205, 113.

[2] Docs. 392, 375, 189, 10.

page of the Motion previously filed on March 1, 2005.

Plaintiff further fails to delineate in either Motion what questions he has asked Defendant, what the response was and why the response is inadequate. Plaintiff merely complains generally that he has not received discovery and then attaches a copy of Defendant's response to the discovery. The Court will not review the responses and make a determination as to whether the response is adequate or inadequate on his behalf. Should Plaintiff seek to compel certain discovery, he must be specific as to each request made, the response and the reasons why the response was inadequate or insufficient. Plaintiff is reminded that merely stating certain information or items are "relevant" is insufficient.

Accordingly, based on the foregoing, the Court HEREBY ORDERS:

1. Defendant's Motion for an Extension of time to serve Discovery Responses is GRANTED. Defendant is GRANTED, *nunc pro tunc,* forty-five (45) days from the date of service fo this Order to SERVE the responses to Plaintiff's Fourth Requests for Production of documents, admissions and interrogatories. Defendant is also GRANTED sixty (60) days from the date of service of this Order to serve responses to Plaintiff's remaining discovery sets five through seven.

2. Plaintiff's Motions to Compel are DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   March 30, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                       UNITED STATES MAGISTRATE JUDGE