# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT STEARNS,

      Plaintiff,

v.

FLORES, et. al.,

      Defendants.

CV F   00 6331 AWI LJO P

ORDER DENYING MOTIONS TO COMPEL

(Docs. 409, 410)

    Scott Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On June 12, 20026, Plaintiff filed two separate Motions to Compel discovery. Prior to the submission of these Motions, Plaintiff's most recent Motion to Compel was denied for lack of specificity. Plaintiff has filed the instant Motions, presumably, to cure this defect. The Court will address each Motion in turn.

**I. MOTION TO COMPEL (Doc. 409)**

    Plaintiff here, seeks to compel the production of documents made on November 9, 2005, November 27, 2005, December 1, 2005, January 8, 2006, January 29, 2006, January 30, 2006,

February 2, 2006, and March 12, 2006. In the Motion itself, Plaintiff states that Defendant's responses to the requests were "evasive, and "held no answers sought." Plaintiff also refers to numerous attachments that were not attached to the Motion. Plaintiff did, however, file a Brief in support of the Motions to Compel that had attached Defendant's Responses to Plaintiff's Fourth and Seventh Set of Request for Admissions, Responses to the Fifth Set of Interrogatories, and Responses to Plaintiff's Fourth and Seventh Set of Requests for Production of Documents.

Plaintiff also states in this Motion that each question posed is meant to "solely show how officers facilitated the attack of August 4, 1999." (Motion at 2.) However, at issue in this action is whether Defendant Flores knew of and disregarded a serious risk to Plaintiff's safety not whether Correctional Officers "facilitated" an attack. Similarly, Plaintiff's statement that discovery responses are needed "about other inmates" to establish misconduct by the Correctional Officers is irrelevant to whether or not Defendant Flores violated Plaintiff's constitutional rights.

Finally, to the extent Plaintiff is seeking to compel discovery propounded on Defendants other than Defendant Flores, this Court's Order dated July 29, 2005, recommended that the Due Process claim against all Defendants be dismissed and that the action proceed solely on the Eighth Amendment claim against Defendant Flores. This Recommendation was adopted by the District Court on August 30, 2005. Thus, Plaintiff may not conduct discovery on these Defendants and any Motions to Compel discovery propounded on Defendants dismissed from this action will be DENIED.

### A. Fourth Set of Requests for Admissions

A request for Admission is a procedure whereby one party can force another party to admit or deny the truth of any relevant fact or the genuineness of any relevant document. Here, Plaintiff has moved to compel responses to numerous Requests for Admissions served on Defendant Flores.

**1. Requests 1 through 16.**

Plaintiff states generally that Requests for Admissions Nos 1 through 16 go toward establishing a pattern of gang attacks leading up to the events of August 4, 1999. (Motion at 2.)

1  Defendants object in all instances on the basis that the request is compound, not a statement of
2  fact, and not a request to deny or admit a material fact.
3  　　　The Court has examined Plaintiff's Requests and DENIES the Motion to Compel.
4  Plaintiff's requests do not request an admission or denial of a *material* fact and in some
5  instances, does not make a request at all but provides simply a statement.  Further, all of the
6  requests concern attacks or fights that occurred between other inmates on dates independent to
7  the events at issue in this action.  Although Plaintiff contends that this establishes a pattern of
8  gang attacks leading to events on August 4, 1999, that these events occurred does not help to
9  establish whether or not Defendant Flores was deliberately indifferent to Plaintiff's safety.

**2. Requests for Admissions 17-20, 21-24, 30, 44, 45, 92, 93,**

11  　　　As noted above, a Request for Admission is simply that, a request to admit or deny a
12  material fact. According to the Court's review of the listed Requests, although Defendant
13  objected, the Defendant did provide Plaintiff with an admission or denial.  Plaintiff's dispute
14  with the truth of the admission or denial is not appropriately raised in a Motion to Compel.  As
15  such, the Requests for Admissions with respect to these responses is DENIED.

**3. Requests Nos. 94, 137.**

17  　　　Plaintiff has also made requests that Defendant has objected to on the grounds that the
18  request is unintelligible and does not make clear to what Plaintiff is referring.  For example,
19  Plaintiff requests in No. 94 "that this statement was part of a conspiracy . . ." but does not
20  indicate what the statement was.  Request No. 137 states "(Exhibit 85) is also a inmate who Sgt.
21  Flores states is a participant in the 'conspiracy' to get Plaintiff stabbed in spring of 1999 therefor
22  a questionable document."  The Court has examined the requests and responses and finds that
23  Defendant's response is appropriate in light of the lack of specificity of the request.  Thus, the
24  Motion to Compel is DENIED with regard to these requests.

**4. Request Nos. 132 -136 and 143-146.**

26  　　　In request No. 132, Plaintiff states "The following validation documents were used in the
27  validation of Plaintiff and ruled unreliable by the Del Norte Superior Court . . ."  Plaintiff makes
28  similar request concerning his validation as a gang member in Request Nos. 133, 134, 135 and

136. In each of these instances, Defendant objected on the grounds it is not requests to admit or deny the truth of a material fact and concerns issues that are no longer at issue in the case. Plaintiff made similar statements in Requests Nos 143-146. The Court concurs and DENIES Plaintiff's Motion with regard to these Requests as they do not concern the events at issue in this case.

### B. Fourth Set of Requests for Production of Documents

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, any party may serve on a party a request for the production of documents within the scope of Rule 26(b), which provides that discovery may be made of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 34(a), 26(b)(1).

**1. Request No. 1**

In Request No. 1, Plaintiff seeks any and "all photographs of Plaintiff maintained with the CDC, including two video tapes of incidents on 5/17/98 and 9/23/99."
Defendants objected on the grounds that the request was duplicative, harassing, over broad, burdensome and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Defendants state that no videotape of the August 4, 1999, incident (which was not requested in this Request) was found and that arrangements were being made to show Plaintiff the photographs.

Plaintiff states that these videotapes are necessary to show a pattern of gang attacks on Plaintiff. However, the issue again before the Court is whether Defendant Flores knew of and disregarded a serious risk to Plaintiff's safety. It may be undisputed that such attacks occurred, however, Plaintiff's request does not request items that are relevant to the resolution of the claims at issue in this case with regard to Defendant Flores.

Further, the Defendant's response indicates that efforts were being made to provide Plaintiff with some of the photographs requested. Plaintiff's Motion to Compel does not include a Rule 37 certification stating that he made efforts to obtain these photographs after this response was provided by Defendant. It certainly may be the case that since the Responses were served and this Motion was filed, Plaintiff obtained the photographs. In any event, the Court finds the

Request irrelevant and thus, DENIED.

**2. Request Nos. 5 and 6.**

Here, Plaintiff requests "population sheet" printouts for C-Yard 7 and 8 for the dates of January 16, 1999 and January 17, 1999. Defendants have objected on the grounds that Plaintiff is seeking to obtain documents protected by state privacy laws and that the requests are not reasonably calculated to lead to the discovery of admissible evidence. The Court is inclined to agree with the Defendant. Plaintiff does not indicate why these documents are necessary to the event concerning the Defendant and whether he was deliberately indifferent to him on August 4, 1999. As such, the Motion to Compel the production of these documents is DENIED

**3. Request No. 7.**

Here, Plaintiff seeks any 602 ever filed by Plaintiff. Defendants object on the grounds that Plaintiff has access to these documents by review of his C-file. Defendant is correct in that Plaintiff cannot use a Motion to Compel the production of documents that he himself can obtain. Accordingly, the Request is DENIED.

**4. Request Nos. 8, 11, 29, 31, 36, 37-40.**

Plaintiff seeks any 602 grievances filed against the Correctional Officers named in this case. Defendants object on numerous grounds including that the documents are not reasonably calculated to lead to the discovery of admissible material. Plaintiff states that these documents are necessary to show that the Defendant has been grieved against for these same issues that he is litigating in this action. However, this does not assist in resolving the question as to whether Defendant Flores was deliberate indifferent to Plaintiff's safety on August 4, 1999.

Similarly, Plaintiff's request that Defendant provide a copy of a work order to remove razor wire in Ad-Seg (No. 11), that Defendants cite to the policy that allowed removal of a drawing from a state habeas corpus trial (No. 29), cite to a policy that allows Plaintiff to be placed in a particular cell with a debrief dropout for two hours (No. 31), provide a copy of all documents used to validate another inmate (No. 36), concerning other inmate's rules violation reports (No. 37-40), are irrelevant and also DENIED.

**5. Request No. 44.**

1  Plaintiff requests any and all documents concerning actions Defendant Flores took prior to
2  August 4, 1999 to protect him. Defendant objects on the grounds that this is an interrogatory and
3  not a request for production of documents. Defendant's contention is that he did not know of any
4  specific risk to Plaintiff's safety until after August 4, 1999. As such, Defendant argues that no
5  such documents exist. Plaintiff's contention that Defendant did not "answer" the request is
6  incorrect. Plaintiff is simply dissatisfied with the response given. Accordingly, the Motion is
7  DENIED with regard to this Request.

**6. Request Nos. 45 through 50.**

9  Here, Plaintiff seeks to compel production of legal authority which supports Defendant's
10 defense. Defendant has appropriately objected on the ground that the request is argumentative
11 and seeks to compel Defendant to conduct legal research on Plaintiff's behalf. The Court is
12 inclined to agree. Accordingly, Plaintiff's Motion is DENIED with regard to this Request.

**7. Request No. 51.**

14 Here, Plaintiff seeks to compel documentation that Defendant Flores told him of an
15 impending attack. Defendants state that no such documents exist. Plaintiff contends that this is a
16 lie. However, a Motion to Compel is not the appropriate mechanism for challenging disputed
17 issues of fact. Plaintiff cannot ask the Court to compel Defendant to produce documents that he
18 states do not exist. Should Plaintiff obtain such documents after Defendants have made such a
19 statement, Plaintiff can bring this to the Court's attention. Plaintiff should keep in mind,
20 however, that such a Motion should be limited to issues that are relevant to this action, i.e.
21 whether Defendant Flores was deliberately indifferent to Plaintiff's safety.

*C. Fifth Set of Interrogatories*

23 An interrogatory is a written question propounded by one party to another who must answer
24 under oath and in writing. These questions are limited to anything within the permissible scope
25 of discovery, namely, any matter, not privileged, that is relevant to the claim or defense of any
26 party." Fed.R.Civ.P. 33, 26(b)(1).
27 Here, Plaintiff complains that Defendants objected to each and every interrogatory
28 propounded in the Fifth Set of interrogatories on the grounds that Plaintiff has previously

received responses to 25 interrogatories and that each interrogatory propounded in the Fifth Set is in excess of those allowed by the rules.

Rule 33 of the Federal Rules of Civil Procedure provides for a maximum of 25 interrogatories. Leave of court must be sought in order to propound interrogatories that exceed 25. Fed.R.Civ.P. 33(a). According to the Court record, no leave of Court has been sought to propound Requests for Interrogatories in excess of 25. A Motion to Compel responses to interrogatories that were not authorized by the Court is inappropriate. As such, the Motion to Compel responses to the Fifth Set of Requests for Interrogatories is DENIED.

### *D. Seventh Set of Requests for Admissions.*
#### *1. Request No. 163.*

Plaintiff requests that Defendant admit or deny that he used a metal detector to search inmates for yard on Ad-Seg on August 4, 1999. Defendants object that this request is not for an admission of a material fact. Plaintiff does not indicated how a response to this request helps to establish whether Defendant knew of and disregarded a serious risk to his safety. Simply because Plaintiff believes it to be a material fact, does not make it so. Accordingly, the Motion is DENIED with regard to this Request.

### *E. Seventh Set of Requests for Production of Documents*
#### *1. Request Nos. 5, 6, 9.*

Plaintiff here requests that Defendant produce a policy which allowed another inmate to commit 4 attacks and still keep his sensitive needs status as an informant. Defendant objects on the grounds that the request will not lead to the discovery of admissible evidence and notes further that Defendant has responded to this same request in the Fourth Set of Request for Production of Documents.

The Court finds Plaintiff's request does not assist in the resolution of the Eighth Amendment claim at issue in this action and is DENIED on that basis. For the same reasons, Plaintiff's Request No. 6 in which he seeks the result of an investigation into his stabbing, Request No. 9 seeking documents pertaining to the reason Plaintiff was moved in 2004, are DENIED on the same basis.

**2. Request Nos. 11, 14-16, 19**

In Request Nos. 11, 14-16, and 19, Plaintiff does not request the production of documents but the whereabouts of certain inmates, potential witnesses, and whether there are any criminal charges pending that involve Plaintiff anywhere in California. Defendant appropriately objects on the grounds that these requests are really interrogatories. As noted above, Plaintiff has not sought court permission to propound interrogatories beyond the scope provided for in the Federal Rules. It is inappropriate to ask interrogatories in a Request for Production of documents and further inappropriate to seek to compel responses to interrogatories when permission to propounded them in excess of that allowed has not been sought or obtained. Accordingly, these Requests are DENIED.

**3. Request Nos 22, 25.**

In Request No. 22, Plaintiff seeks any document that disciplines Correctional Offices involved in this case for misconduct. Defendant objects on the grounds that the documentation sought is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff states in his motion that this is a legitimate request to establish how misconduct is a habitual offense. Despite Plaintiff's belief here, having these documents in his possession does not assist Plaintiff in proving that Defendant Flores acted with deliberate indifference to his safety on August 4, 1999. It concerns discipline as a result of the incident on August 4, 1999. As such, the Court finds the documents are irrelevant to the resolution of the issues before it and Plaintiff's Motion is DENIED.

Similarly, Plaintiff's Request No. 35 seeking any document explaining why Plaintiff cannot be moved to a prison in Souther California is irrelevant and also DENIED.

**II. MOTION TO COMPEL PRODUCTION OF PHOTOGRAPHS (Doc. 410)**

Plaintiff submitted a second Motion to Compel the production of photographs on June 12, 2006. In this document, Plaintiff states more specifically that he is seeking to compel videotapes of the E-1 exercise yard on August 4, 1999. Plaintiff says that he witnessed Defendant Flores watching this tape and thus, the response that the video does not exist is a lie.

Again, as in the case above, Plaintiff does not provide the Court with a copy of the request

for production or the responses by Defendant. In addition, Plaintiff does not explain why a videotape of events occurring on the E-1 exercise yard that day would support Plaintiff's claim that Defendant knew of and disregarded a serious risk to his safety. Thus, even assuming that such a tape exists, as Plaintiff contends, he does not establish its relevance.

With regard to the discovery of photographs taken on August 4, 1999,

Accordingly, the second Motion to Compel is DENIED.

**III. ORDER**

The Court HEREBY ORDERS:

1. The Motions to Compel filed on June 12, 2006 (Docs. 409, 410) are DENIED.

IT IS SO ORDERED.

**Dated:**   **July 13, 2006**          /s/ Lawrence J. O'Neill
b9ed48                    UNITED STATES MAGISTRATE JUDGE