1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CV F   00 6331 LJO  P

SCOTT E.  STEARNS,

Plaintiff,

v.

P.  FLORES, et.  al.,

Defendants.

_____ /

ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE (Doc. 415)

ORDER GRANTING MOTION TO EXTEND TIME FOR FILING OPPOSITION NUNC PRO TUNC (Doc. 431)

ORDER DENYING MOTION TO COMPEL FILED JULY 10, 2006  (Doc. 416)

ORDER DENYING MOTION FOR WRIT AD TESTIFICANDUM (Doc. 423.)

ORDER DENYING MOTION TO COMPEL FILED AUGUST 21, 2006, AS UNTIMELY (Doc. 429)

Scott E.  Stearns ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On July 10, 2006, Plaintiff filed a Motion to Extend the Discovery Deadline and Motion to Compel. (Doc. 415, 416)

Plaintiff filed a pleading titled Motion for Writ of Habeas Corpus Ad Testificandum on July 19, 2006.  (Doc. 423.)

On August 21, 2006, Plaintiff filed a second Motion to Compel.  (Doc. 429.)  On August 25, 2006, Defendants moved for an extension of time to file an Opposition to the Motion to Compel *nunc pro tunc*. (Doc. 431.)

1

**A.  MOTION TO EXTEND DISCOVERY DEADLINE (Doc. 415)**

According to this Court's Order issued November 16, 2005, all discovery, including Motions to Compel must have been filed by July 11, 2006.  Plaintiff moved to extend the discovery deadline on July 10, 2006.  In this pleading, Plaintiff states that he has not had sufficient time to get all of the information he needs.  However, Plaintiff does not state what further information is needed and why.  Plaintiff requests that the deadline be extended because he has filed a Motion to Compel and seeks the additional time for the purpose of giving Defendant's time to provide the information sought in the Motion to Compel.

According to the Court record, Plaintiff has had since November 16, 2005, almost a year, to conduct discovery.  The Court notes that much of the information Plaintiff has attempted to obtain in the past concerns the issue of gang validation which is not longer part of this case.  Further, an extension of the discovery deadline for the purpose of giving Defendant's time to comply with an Order of the Court compelling discovery is unnecessary.  Should the Court grant the Motion to Compel, it need not extend the discovery deadline but only order that the responses be provided to the Plaintiff within whatever time the Court deems is necessary.  As such, a Motion to Extend the discovery deadline for this purpose is unnecessary.  Further, as Plaintiff has failed to make a showing of good cause to extend the discovery deadline, his request will be DENIED.

**B.  MOTION TO COMPEL (Doc. 416) AND MOTION TO EXTEND TIME FOR OPPOSITION (Doc. 431)**

Plaintiff also submitted a Motion to Compel on July 10, 2006.  Defendants filed a Motion to Extend the time for filing an Opposition nunc pro tunc, and submitted the Opposition on August 25, 2006.  The request to extend the time for filing an Opposition is GRANTED nunc pro tunc.

Plaintiff seeks to compel Defendant Flores' responses to Plaintiff's Fourth Set of Request for Admissions.  Defendants argue that Plaintiff's discovery requests were not served on the Defendant within the allotted time frames set forth by the Court in the Discovery and Scheduling Order issued November 16, 2005.  In addition, Plaintiff's Motion to Compel such responses was previously addressed by this Court on July 13, 2006, and hence, the Motion is duplicative.

1    The Discovery and Scheduling Order issued November 16, 2005, specifically provided that

2    all discovery requests must be served at least forty-five days in advance of the discovery

3    deadline.  This is to provide the responding party with sufficient time *before* expiration of the

4    discovery deadline to respond.

5    Here, Plaintiff did not serve the Fourth Set of Requests for Admissions on Defendant Flores

6    until June 21, 2006, June 25, 2006, and June 26, 2006.  However, the latest time Plaintiff could

7    have served these requests was May 27, 2006.  Accordingly, the Requests served are untimely in

8    that they were served on the opposing party beyond the 45 days set forth in the Court's Discovery

9    Order.

10   In addition, the Plaintiff's Motion appears to have already been addressed by the Court. The

11   instant Motion to Compel concerns  a Fourth Set of Requests for Admissions propounded on

12   Defendant Flores.  However, a Court order issued on July 13, 2006, addressed a Motion to

13   Compel responses propounded on Defendant Flores in a Fourth Set of Requests for Admissions.

14   Thus, the instant Motion will be DENIED as duplicative.

15   Defendants state, in their Opposition, that when Plaintiff propounded the duplicative Fourth

16   Set of Requests for Admissions on Defendant Flores he submitted requests in addition to those

17   that were previously submitted.  Defendant then addresses each of these requests in their

18   Opposition.  However, because the Fourth Set of Requests for Admissions was already addressed

19   by a previous Motion to Compel and they were served on opposing counsel beyond the time

20   allotted in the Discovery Order, the Court will DENY the Motion to Compel as DUPLICATIVE

21   and on the basis that the requests served were untimely.

22   **C.  MOTION FOR WRIT AD TESTIFICANDUM (Doc. 423)**

23   On July 19, 2006, Plaintiff filed a pleading titled "Motion for Writ Ad Testificandum."  In

24   this pleading, Plaintiff seeks an Order compelling the Department of Corrections to bring certain

25   witnesses to the Court for jury trial.

26   The instant case has not been set for trial.  Should the Court set the matter for trial, an Order

27   informing Plaintiff of procedures for trial, including the process for obtaining his witnesses, will

28   issue.  Plaintiff is not required to submit a Motion to that effect.  In any event, as the case has not

1  been set for trial, Plaintiff's Motion is DENIED.

2  **D.  MOTION TO COMPEL FILED AUGUST 21, 2006 (Doc. 429)**

3     On August 21, 2006, Plaintiff filed another Motion to Compel.  Here, Plaintiff seeks to

4  Compel Defendant Flores the production of "replies for copying and inspecting to Discovery

5  Request Documents dated: 5-25-06, 6-21-06, 6-25-06, 6-25-06, 6-26-06, 6-29-06, 6-30-06, 7-21-

6  06, 7-30-06."

7     As noted above, the deadline for the completion of discovery, including all motions to

8  compel, expired on  July 11, 2006.  The instant Motion was filed on August 21, 2006.[1]

9  Accordingly, the Motion is DENIED as untimely.

10  **E.  ORDER**

11     Based on the above, the Court HEREBY ORDERS:

12     1.     The Motion to Extend the Discovery Deadline is DENIED;

13     2.     The Motion for an extension of time to file an Opposition to the Motion to

14          Compel filed on July 10, 2006, is GRANTED *nunc pro tunc;*

15     3.     The Motion to Compel filed on July 10, 2006, is DENIED as duplicative and as

16          untimely on the basis that Plaintiff submitted his requests beyond the time allotted

17          in the Court's Discovery Order;

18     4.     The Motion for Writ Ad Testificandum is DENIED as unnecessary; and

19     5.     The Motion to Compel filed August 21, 2006, is DENIED as untimely.

20  IT IS SO ORDERED.

21  **Dated:    September 26, 2006**              /s/ Lawrence J. O'Neill
   b9ed48                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28     [1]Even with application of the mailbox rule, Plaintiff's Motion is untimely as it was signed on August 14, 2006, after the expiration of the discovery deadline. (Doc. 429 - Declaration of Plaintiff.)