# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STEARNS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>P. FLORES, et. al.,<br><br>　　　　　Defendants.<br>_____ / | CV F  00 6331 (NEW) DLB  P<br><br>ORDER DENYING MOTION FOR SUBPOENA DUCES TECUM (Doc. 453.)<br><br>ORDER DENYING REQUEST FOR ENTRY OF DEFAULT (Doc. 455, 456.)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (Doc. 457.) |

　　　　Scott E. Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Plaintiff filed  Motions for Entry of Default on April 30, 2007, and also a Motion for a subpoena duces tecum and Petition for Writ Ad Testificandum.  The Court will resolve each motion in turn.

**A.  Motion for Subpoena Duces Tecum**

　　　　Plaintiff is requesting said subpoena to obtain photographic evidence regarding his stabbing on August 4, 1999.  Plaintiff indicates that his Motions to Compel were denied and thus, he is attempting to gain this evidence via a subpoena duces tecum.  Plaintiff's Motion to Compel was denied because his discovery requests and motion to compel were filed after the deadlines set by the court for completion of discovery and filing of ono-dispositive motions.

　　　　A party may seek documents from a third party via the issuance of a subpoena duces tecum, and is entitled to request a subpoena from the court.  Fed. R. Civ. P. 45.  However, the

documents Plaintiff seeks are from the opposing party. Moreover, the time for seeking discovery has expired.

Plaintiff has been informed on numerous occasions that all discovery, including motions to compel to gain certain evidence, must have been filed on or before July 10, 2006. Discovery began on November 16, 2005, when the Court issued its Second Scheduling Order. The information regarding deadlines and discovery disputes was included in that Order. The various motions to compel filed by Plaintiff were denied for a multitude of reasons, including that the requests concerned issues that were not part of the instant action. Plaintiff's attempt to re-open or re-litigate discovery at this time via a Motion for a Subpoena Duces Tecum is improper as the deadline for the resolution of discovery expired on July 10, 2006.

Accordingly, the Motion for Subpoena Duces Tecum is DENIED.

**B. Motion for Default Judgment**

Plaintiff has also moved for default judgment against Defendant Flores for having failed to respond to a Motion for Summary Judgment filed on December 29, 2006. The Court has reviewed the Court docket and finds that no such motion was filed on December 29, 2006. In any event, even had such a Motion been filed, the Court declines to enter default.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Plaintiff is reminded that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. Pro. 55(c).

Here, this action is proceeding to trial on the Eighth Amendment claim against the sole remaining Defendant, Defendant Flores. According to the Court record, Defendant Flores has filed a waiver of service (Doc. 51), two Motions to Dismiss (Docs. 69, 136), and two Motions for Summary Judgment (Docs. 217, 261.) It cannot be said that Defendant Flores has failed to plead or defend under the rules. Accordingly, Plaintiff's Request for Entry of Default is DENIED.

**C. Petition for Writ Ad Testificandum**

1     Plaintiff filed a Petition for Writ Ad Testificandum on March 30, 2007, requesting that
2 the Director of the CDCR be compelled to bring sixteen inmates to trial to testify on behalf of
3 Plaintiff.
4     On March 22, 2007, the Court issued a Third Scheduling Order setting the matter for trial
5 and informing Plaintiff of the procedures required for obtaining the attendance of incarcerated
6 witnesses. That Order detailed the procedure for witnesses who were willing to testify and for
7 those who were not willing to testify. This included providing the names of the individuals,
8 address, prison i.d. number, declarations from each inmate as to their willingness and what they
9 will testify to. The instant Motion, however, is not in compliance with that Order for obtaining
10 incarcerated witnesses. It is possible that Plaintiff did not yet have in his possession the Third
11 Scheduling Order and this is the reason the Motion is not in compliance with that order. Plaintiff
12 is advised to review the Third Scheduling Order and resubmit his Motion for Attendance of
13 incarcerated Witnesses in a format that complies with the Court's Order. The instant Motion,
14 however, will be DENIED without prejudice.

**D. Order**

The Court HEREBY ORDERS:

1. The Motion for Subpoena Duces Tecum is DENIED;
2. The Motion for Entry of Default is DENIED;
3. The Petition for Writ of Habeas Corpus Ad Testificandum is DENIED.

IT IS SO ORDERED.

Dated: **April 11, 2007**         /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE