# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STEARNS, | CV F   00 6331 DLB  P |
| Plaintiff, | |
| v. | ORDER DIRECTING CLERK OF COURT TO RETURN DOCUMENTS LODGED ON JANUARY 24, 2007, TO PLAINTIFF |
| P. FLORES, et. al., | ORDER DIRECTING CLERK TO RETURN DOCUMENTS LODGED ON APRIL 4, 2007, TO PLAINTIFF |
| Defendants. | |

Scott E. Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On January 24, 2007, Plaintiff submitted several documents to the Court that appear to concern his trial. For example, Plaintiff lodged proposed Voir Dire questions, a special verdict form, proposed jury instructions, and hundreds of pages bound together which are titled "Pretrial Statement." However, none of these documents were requested by the Court and are improper for submission to the Court at this time. The Court's Third Scheduling Order issued on March

22, 2007, set deadlines for the filing of a pretrial statement and a Motion for the Attendance of Incarcerated Witnesses, not proposed jury questions or instructions. Such issues are to be discussed at a later time and Plaintiff should refrain from submitting these types of documents unless so requested by the Court.

On April 4, 2007, the Court received in excess of two hundred pages that Plaintiff has also titled "Pretrial Statement." However, upon a cursory review of the documents, it appears that Plaintiff has included several separate motions, lists and hundreds of exhibits but none of the items are separately bound and the entire bulk of paper is maintained by two rubber bands. In other words, Plaintiff provided simply a huge stack of documents to the Court. The Court does not have the time or the resources to review each individual piece of paper and try to determine with which Motion or pleading it goes. When filing pleadings with the Court, it is incumbent on the party filing the document to separate them out so that the Court can easily identify which documents are attached to which motions. In any event, the Court notes that many of the documents submitted are items that are not to be submitted to the Court. For example, the Third Scheduling Order simply requires Plaintiff to submit a Pretrial Statement. While a Pretrial Statement *lists* the exhibits a party seeks to introduce at trial, it does not require that the party submit the items themselves to the court *before* trial. Given the format of the submission, the Court will direct the Clerk of Court to return the lodged documents to Plaintiff and also provide him with a copy of Local Rule 16-281. This will provide Plaintiff with guidance as to what items should be included in a Pretrial Statement. Again, the statement is simply that, a *statement* of various information that is expected to be provided at trial. It is not intended to mean that Plaintiff should submit everything he intends to rely on at trial to the Court beforehand. The Court is not a repository for a one's evidence and will not maintain the evidence for Plaintiff for use at trial. Plaintiff should maintain that himself and bring those items on which he intends to rely with him to trial. Finally, any individual motions intended to be filed by plaintiff must be separately bound or they will be returned to Plaintiff. See Local Rule 7-130(b).

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to return the lodged documents submitted on

1    January 24, 2007, and April 4, 2007, to Plaintiff; and

2.   The Clerk of Court is DIRECTED to send Plaintiff a copy of Local Rules 16-281, and 7-130.

IT IS SO ORDERED.

Dated: **May 16, 2007**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE