# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STEARNS, | 1:00-CV-06331-DLB-P |
|       Plaintiff, | ORDER DENYING REQUEST FOR SUBPOENAS |
|    v. | (Doc. 471) |
| P. FLORES, et. al., | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM |
|       Defendants. | (Doc. 472) |

Scott E. Stearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. On June 1, 2007, plaintiff filed a request for subpoenas for attendance of four unincarcerated witnesses to testify at plaintiff's trial. On the same date, plaintiff filed a petition for writ of habeas corpus ad testificandum as to plaintiff and sixteen incarcerated witnesses to be transported to testify at plaintiff's trial.

    **1.**     **Plaintiff's Attendance at Trial**

As to plaintiff's attendance at his trial, the court will issue a writ of habeas corpus ad testificandum as to plaintiff at a juncture prior to trial. Plaintiff does not need to seek or obtain action from the court to arrange his attendance at the trial.

    **2.**     **Witnesses' Attendance at Trial**

As to plaintiff's other requests, plaintiff is directed to refer to the Third Scheduling Order. On March 22, 2007, the court issued a Third Scheduling Order setting the matter for trial and informing plaintiff of the procedures required for obtaining the attendance of incarcerated and unincarcerated witnesses. That order detailed the procedure for witnesses who were willing to

testify and for those who were not willing to testify.

### A. Incarcerated Witnesses

For incarcerated witnesses, the Third Scheduling Order directed plaintiff to provide the names of the individuals, address, prison i.d. number, and declarations from each inmate as to their willingness and what they will testify to.

### B. Unincarcerated Witnesses Who Refuse to Testify Voluntarily

For unincarcerated witnesses who refuse to testify voluntarily, the Third Scheduling Order directed plaintiff to provide the name and location of each unincarcerated witness. Plaintiff must inform the court of the location of unincarcerated witnesses before the court can calculate the travel expenses for each witness and notify plaintiff of the amount. Plaintiff must then submit to the court an appropriate sum of money for each witness, which includes the daily witness fee of $40.00 plus the witness' travel expenses. See 28 U.S.C. § 1821. Pursuant to the Third Scheduling Order, if plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit money orders to the court no later than August 1, 2007. Absent compliance with the Third Scheduling Order, the court will not issue subpoenas for attendance of unincarcerated witnesses.

### 3. Plaintiff's Request and Petition Are Not in Compliance

The instant request for subpoenas and petition for writ of habeas corpus ad testificandum are not in compliance with the Third Scheduling Order for obtaining witnesses. Therefore, the instant motion and petition shall be DENIED without prejudice.

### 4. Order

Based on the foregoing, the court HEREBY ORDERS:

1. Plaintiff's request for subpoenas is DENIED without prejudice;
2. Plaintiff's petition for writ of habeas corpus ad testificandum as to incarcerated witnesses is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **June 12, 2007**                    **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE